IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Randolph Johnson, Jr., ) | Case No.: 5:22-cv-3677-JD-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| R.S. Dunbar, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 35.) Petitioner Phillip Randolph Johnson, Jr. ("Petitioner" or "Johnson"), proceeding *pro se,* filed a Petition for a writ of habeas corpus action pursuant to 28 U.S.C. § 2241 against Respondent R.S. Dunbar, Warden ("Respondent" or "Warden"), arguing his conviction for felon in possession of a firearm is unconstitutional and his sentence as a career offender is invalid.[2] (DE 1-1, pp. 14-18.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] On October 3, 2019, Petitioner entered a guilty plea to conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute cocaine, possession with intent to distribute methamphetamine, possession with intent to distribute methamphetamine and cocaine, felon in possession of a firearm, and possession of a firearm in furtherance of drug trafficking. See United States v. Johnson, 3:19-cr-00093-DJH-HBB-1 (W.D. Ky. Jan. 14, 2020). (DE 23, 46.) On January 14, 2020, Petitioner was sentenced to 180-months imprisonment. (Id., at DE 32.) Petitioner filed an appeal on January 24, 2020, challenging his judgment and sentence, and on October 1, 2020, the Sixth Circuit Court of Appeals ("Sixth Circuit") affirmed the judgment. (Id., at DE 46.) On January 19, 2021, Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255, which he amended on January 29, 2021. (Id., at DE 55, 56.) On October 27, 2021, the court issued an order dismissing Petitioner's motion and amended motion to vacate his judgment. (Id., at DE 80, 81.)

1

On January 18, 2023, Respondent filed a Motion to Dismiss seeking to dismiss Johnson's Petition for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Fed. R. Civ. P. (DE 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 22.) Petitioner filed a Response to Respondent's Motion to Dismiss on February 27, 2023 (DE 29), and Respondent filed a Reply on March 9, 2023. (DE 33.)

The Report was issued on July 12, 2023, recommending Respondent's Motion to Dismiss be granted. (DE 35.) Petitioner has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, the Court adopts the Report (DE 35) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion to Dismiss for lack of subject matter jurisdiction is granted and Johnson's Petition for writ of habeas corpus is dismiss without prejudice. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                                              Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 14, 2023

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3